IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-494-BO

| | |
|---|---|
| MICHAEL LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DEBORAH HANSEN, individually and in her ) | |
| official capacity as police officer for the City of ) | |
| Apex, North Carolina, JOHN W. LETTENEY, ) | |
| individually and in his capacity as Apex, North ) | |
| Carolina, Chief of Police, and the POLICE ) | |
| DEPARTMENT OF APEX, NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on defendant "The Police Department of Apex, North Carolina's" (hereinafter Apex Police Department or APD) motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b). [DE 18]. Plaintiff did not respond to the motion, and the matter is ripe for ruling.

## BACKGROUND

Pro se plaintiff filed this action on November 6, 2015, seeking damages arising out of alleged Fourth, Eighth, and Fourteenth Amendment violations. [DE 4]. Plaintiff admits that there was an outstanding Colorado warrant against him for probation violations. The events precipitating this case began with a traffic stop in Apex, North Carolina, on September 24, 2012. When the APD officer ran plaintiff's driver's license information, the outstanding warrant was discovered. Consequently, plaintiff was arrested and taken to jail in Wake County. Defendant

Hansen prepared what plaintiff claims was a wrongful Fugitive Affidavit, which stated that plaintiff had been charged with the commission of a crime and then fled from justice. A bond of $200,000.00 was imposed. Plaintiff was transferred back to Colorado on November 9, 2012, where, plaintiff avers, the case was resolved in a reduction of bond to $5,000.00 and the eventual dismissal of the complaint to revoke probation. Plaintiff then brought suit against the APD arresting officer, APD chief of police, and the APD itself.

## DISCUSSION

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). "In North Carolina there is no statute authorizing suit against a police department." *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. 1988), *overruled in part on other grounds by Meyer v. Walls*, 489 S.E.2d 880 (1997).

Accordingly, courts have frequently found that suits against police departments cannot stand. *See, e.g., Moore v. City of Asheville*, 290 F.Supp. 2d 664, 673 (W.D.N.C. 2003), *aff'd* 396 F.3d 385 (4th Cir. 2005) (holding that defendants' position that "under North Carolina law, the Asheville Police Department is not a 'person' and therefore lacks capacity to be sued" was "clearly supported by legal precedent"); *Wilson v. Fayetteville Police Dep't*, 2014 U.S. Dist. LEXIS 17071, *2-3 (E.D.N.C. Feb. 8, 2014). Thus, here, the APD is not an entity capable of being sued. Therefore, plaintiff's claim against the APD fails under Rule 12.

## CONCLUSION

For the foregoing reasons, defendant APD's motion to dismiss is GRANTED. [DE 18].

SO ORDERED, this __18__ day of March, 2016.

                                            _/s/ Terrence W. Boyle_
                                            TERRENCE W. BOYLE
                                            UNITED STATES DISTRICT JUDGE