IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-494-BO

| | |
|---|---|
| MICHAEL LAWRENCE, | ) |
| Plaintiff, | ) ) ) |
| v. | )    **ORDER** |
| DEBORAH HANSEN, *et al.*, | ) ) ) |
| Defendants. | ) |

This cause comes before the Court on defendants' partial motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. [DE 26]. Plaintiff did not respond to the motion, and the matter is ripe for ruling.

## BACKGROUND

*Pro se* plaintiff filed this action on November 6, 2015, seeking damages arising out of alleged Fourth, Eighth, and Fourteenth Amendment violations. [DE 4]. Plaintiff admits that there was an outstanding Colorado warrant against him for probation violations. The events precipitating this case began with a traffic stop in Apex, North Carolina, on September 24, 2012. When the Apex Police Department officer Hansen ran plaintiff's driver's license information, the outstanding warrant was discovered. Consequently, plaintiff was arrested and taken to jail in Wake County. Defendant Hansen prepared what plaintiff claims was a wrongful Fugitive Affidavit, which stated that plaintiff had been charged with the commission of a crime and then fled from justice. A bond of $200,000.00 was imposed. Plaintiff was transferred back to Colorado on November 9, 2012, where, plaintiff avers, the case was resolved in a reduction of bond to $5,000.00 and the eventual dismissal of the complaint to revoke probation.

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) raising the defense of failure to state a claim upon which relief can be granted is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of h[is] claim" in order to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). In ruling on a Rule 12(c) motion, the factual allegations contained in an answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." *Pledger v. N. Carolina Dep't of Health & Human Servs., Dorothea Dix Hosp.*, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998).

Defendants first argue that the claims against defendant Letteney should be dismissed, as he was not employed by the Town of Apex at the time of plaintiff's arrest. Plaintiff alleges that defendant Letteney and the dismissed defendant Apex Police Department were responsible for defendant Hansen's training and that they failed to train Hansen adequately. [DE 4, at ¶¶ 23, 24]. Plaintiff's complaint makes no allegation as to when defendant Letteney was employed by the Town of Apex as Chief of Police. Defendants' Answer states that defendant Letteney did not begin his employment as the Chief of Police for the Town of Apex until December 18, 2012. [DE 20, ¶ 3]. Accordingly, because defendant Letteney was not employed as Chief of Police prior to or at the time of the arrest, he cannot be liable for any claims against him regarding the training of defendant Hansen, and the claims against him should be dismissed.

Defendants next argue that plaintiff's Eighth Amendment claims should be dismissed because the magistrate judge, not any individual defendant, set plaintiff's bail. The Eighth Amendment provides that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII.[1] Plaintiff contends that the magistrate judge set his bail at an excessive level due to misrepresentations and documents intentionally withheld from the magistrate by defendant Hansen indicating the true nature of the offense for which the warrant was issued. [DE 4 at ¶¶ 18–19]. However, as defendant has demonstrated, North Carolina state courts have held that police officers are not proper parties to claims of excessive bail, as it is the magistrate who is responsible for setting bail in criminal matters. *See Moore v. Evans*, 476 S.E.2d 415, 426 (1996) ("[I]t is the magistrate, and not defendant Evans, who is responsible for setting Mr. Moore's bail; therefore, this contention [that his bail was excessive in violation of his Eighth Amendment

---

[1] The Eighth Amendment's prohibition of excessive bail has not been squarely held to apply to the states through the Fourteenth Amendment. The Court, following the lead of the Supreme Court, will assume without deciding that the Clause is incorporated against the states. *See Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

3

rights, and consequently § 1983] is without merit"). As a result, courts regularly dismiss § 1983 excessive bail claims against police officers when there has been no showing that such officers actually set bail or had the authority to set bail. *See Howie v. McGhee*, No. 1:11-CV-484, 2015 WL 1458046, at *11 (M.D.N.C. 30, 2015) (holding that, where the plaintiff had produced no evidence that the defendant police officers actually set the bail, summary judgment was appropriate for excessive bail claims); *Haizlip v. Richardson*, No. 1:11-CV-376, 2012 WL 2838386, at *5 (M.D.N.C. July 10, 2012) (dismissal of excessive bail claims appropriate where plaintiff has not articulated any facts which show the defendants either had the authority or actually performed the act of setting the allegedly excessive bail for which the plaintiff complained). Defendant does not allege that defendant Hansen actually set the bail amount or had any authority to set the bail amount. Therefore, plaintiff's Eight Amendment claim also should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' partial motion for judgment on the pleadings is GRANTED. [DE 26].

SO ORDERED, this __21__ day of December, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE